UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHHOY IEP, <br><br> Plaintiff, <br><br> v. <br><br> GULF COAST COLLECTION BUREAU, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:20-cv-06771 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes CHHOY IEP ("Plaintiff"), by and through his attorneys, Consumer Law Partners, complaining as to the conduct of GULF COAST COLLECTION BUREAU, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

## PARTIES

4. Plaintiff is a consumer over 18-years-of-age, who at all times relevant to this matter, resided in DuPage County, Illinois, which is located within the Northern District of Illinois.

5. Defendant is an "accounts receivable management company for healthcare providers on the Gulf Coast and Southeastern United States." Defendant's principal place of business and registered agent – Jack W. Brown, is located at 5630 Marquesas Circle, Sarasota, Florida 34233. Defendant regularly collects upon consumers across the country, including those within the state of Illinois.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon outstanding medical debt ("subject debt") that Plaintiff allegedly owed to Elk Grove Radiology ("EGR").

8. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

9. On or about October 26, 2020, Defendant sent or caused to be sent to Plaintiff a collection letter seeking collection of the subject debt ("October 26th letter").

10. The October 26th letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

11. As the initial written communication with Plaintiff, Defendant's October 26th letter appears to contain the disclosures required in such communications, pursuant to 15 U.S.C. § 1692g(a).

12. At the top of the October 26th letter, Defendant includes a detachable payment coupon, and identifies the subject debt with a pre-filled "Master Account # 34826246" ("master account number").

13. Defendant also includes a blank space for Plaintiff to add a monetary amount of his choosing, as seen below:



14. Toward the bottom of the October 26th letter, however, Plaintiff was surprised to see that the master account number identifying the subject debt was comprised of twelve (12) different accounts, as follows:



15. As seen through the above image, each of the accounts comprising the subject debt is assigned a unique creditor account number.

16. While Plaintiff wished to address some of the accounts, Plaintiff did not recall owing a handful of them and disagreed with the balances set forth in Defendant's October 26th letter.

17. To that end, Plaintiff considered making payment using the payment stub included in Defendant's October 26th letter, however, given the pre-filled master account number, Plaintiff was worried that his payment would not be applied to the account of his choosing, and instead, would be erroneously applied to one of the accounts he wished to dispute.

18. Defendant's October 26th letter further advised Plaintiff that "[a]ll communications and correspondence can be delivered via our web site. Please visit us as www.gulfcoastcollection.com" ("Defendant's online portal").

19. In an effort to ascertain additional information regarding the subject debt and to dispute the accounts in question, Plaintiff accessed Defendant's online portal.

20. Upon entering his personal information, Plaintiff clicked "My Accounts," where he was directed to a list of his twelve accounts.

21. Plaintiff became extremely confused by Defendant's online portal, as he noticed that each of the twelve accounts had a unique master account number, but yet, only *one* of these accounts possessed the same master account number that was listed on Defendant's October 26th letter (Master Account # 34826246). The relevant account from Defendant's online portal is reflected below:

| | |
|---|---:|
| Original Creditor: | |
| Creditor: | ELK GROVE RADIOLOGY |
| Creditor Account Number: | 127526-664864 |
| Agency Master Number: | 34826246 |
| Service Date: | 06/23/2020 |
| Placed Balance: | $38.39 |
| Current Balance: | **$38.39** |

22. Surprisingly, none of the remaining eleven accounts listed on Defendant's online portal shared this master account number, despite the fact that each account was already given a unique creditor account number, both in the October 26th letter, and in Defendant's online portal.

23. At this point, Plaintiff's confusion was only exacerbated, as again, the payment stub included in Defendant's October 26th letter was pre-filled with a master account number of 34826246, which theoretically encompassed all twelve accounts, but in reality, only applied to one of the twelve accounts – an account with a service date of 6/23/20 and balance of $38.39.

24. Plaintiff did not recall incurring this specific account, among others, and pursuant to his rights listed in Defendant's October 26th letter, Plaintiff sought to dispute the accounts he did not agree with, and address the accounts he did acknowledge.

25. Based on Defendant's October 26th letter, however, Plaintiff was unable to make a payment on the account of his choosing. Rather, Defendant pre-filled the master account number and simply offered an empty field in which Plaintiff could enter any payment amount, without letting him specify which specific account he would like the payment to be applied to.

26. Based on the 15 U.S.C. § 1692g(a) legal disclosures outlined in Defendant's initial written communication, Plaintiff has 30 days from the date of that October 26th letter to dispute the validity of the subject debt.

27. While Plaintiff wished to dispute the $38.39 account, as he did not recall incurring it, any payment that Plaintiff would have made using Defendant's October 26th payment stub would have been applied to the disputed account.

28. Defendant's communications created a probability of confusion as to how much Plaintiff is said to owe regarding the master account number, as well as which account(s) would be satisfied upon payment.

29. As a result of Defendant's unlawful behavior, Plaintiff was forced to retain counsel, and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

30. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived the ability to intelligently address the subject debt given Defendant's violations of law, and a violation of his state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

31. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

34. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another. Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 1983.[1]

35. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

---

[1] http://www.acainternational.org/search#memberdirectory

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

38. Defendant violated §§ 1692e, e(2), and e(10) through its failure to clearly and fairly communicate information about the nature and amount of the subject debt to Plaintiff in its letter and online portal. Upon reviewing Defendant's initial October 26th letter, Plaintiff did not remember owing, and did not recognize many of the accounts listed therein, so he accessed Defendant's website to obtain additional information regarding the same. Upon accessing Defendant's online portal, Plaintiff noticed that the master account number that comprised all twelve accounts in Defendant's October 26th letter, only applied to a single account with a balance of $38.39. Plaintiff did not recognize this individual account, among others, and wished to dispute them. On the other hand, Plaintiff did wish to address the accounts he did recognize, however, any payment that Plaintiff would have made using Defendant's October 26th pre-filled payment stub would have erroneously been applied to an account that Plaintiff wished to dispute.

39. Defendant deceptively pre-filled the information on the payment stub included in its October 26th letter in an effort to coerce Plaintiff into making a payment on a disputed debt. Defendant engaged in this conduct with the hopes of circumventing Plaintiff's rights pursuant to § 1692g(a), and forcing him to pay on an account that he did not recognize.

7

      b.      **Violations of FDCPA § 1692f**

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendant violated §1692f by unfairly pre-filing the master account number on its October 26th letter, which prevented Plaintiff from making payment on an account of his choosing. Based on Defendant's portal, which listed unique master account numbers for each of the twelve accounts, any payment remitted by Plaintiff using the October 26th payment stub would have been applied to one account – an account that Plaintiff actually wished to dispute. Defendant engaged in this behavior in an effort to coerce Plaintiff into paying towards an account that he does not acknowledge and to jeopardize his dispute rights pursuant to the FDCPA.

42. As set forth in paragraphs 28 through 31, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, CHHOY IEP, respectfully requests that this Honorable Court enter judgment in his favor as follows:

  a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

  b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

  c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

  d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

  e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 16th day of November, 2020.   Respectfully Submitted,

    */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Chhoy Iep*

9